JOSÉ EUGENIO GÉIGEL, Petitioner, *v.* DISTRICT COURT OF SAN JUAN, Respondent.

No. 28. Argued December 18, 1944.—Decided December 20, 1944.

*Géigel & Silva* for petitioner. The defendants in the main action did not appear.

Mr. Justice Todd, Jr., delivered the opinion of the court.

In an action of unlawful detainer for nonpayment of the lease rental of an urban property situated in Santurce, owned by petitioner herein, the Municipal Court of San Juan entered a default judgment the dispositive part of which reads thus:

"The court renders judgment by default in the unlawful detainer proceeding against the defendant and provides that if the defendant fails to pay the entire amount within 30 days after the entry and service on the defendant of this judgment, the plaintiff shall be entitled to the premises described in the complaint and to the issuance of a warrant directing the marshal to oust all persons from said premises."

Relying on the ground that that part of the judgment which provided "that if the defendant fails to pay the entire amount (of the rentals owed) within 30 days after the entry and service on the defendant of this judgment" was erroneous, the plaintiff instituted a certiorari proceeding in the District Court of San Juan. The writ having been issued and the parties heard on June 27, 1944, the court, more than four months later, that is, on November 2, 1944, rendered judgment quashing the writ issued. Pursuant to Act No. 32 of 1943 (Laws of 1943, p. 84), we issued a writ of certiorari to review this judgment because it involved a question of high public interest relating to the interpretation and scope of § 5 of Act No. 9 approved November 17, 1941 (Spec. Sess. Laws, p. 26), which provides as follows:

"If in an action against the occupant of premises for rent and for the rental value of the use or occupation thereof, the plaintiff recovers judgment by default, the judgment shall contain a provision that if the same be not fully satisfied within thirty days after entry and service upon the defendant of a copy thereof, the plaintiff shall be entitled to the premises mentioned in the complaint and to the issuance of a warrant commanding the marshal to remove all persons therefrom."

The petitioner contends that § 5 is not applicable to an action of unlawful detainer, but "only to actions for the recovery of rents or rental value of the use or occupation of the premises," and that since his action was one of unlawful detainer for nonpayment, the lower court erred in applying thereto the provisions of Act No. 9 of 1941 which refer to the action for the recovery of lease rental which is of a different nature and cannot be joined with an action of unlawful detainer, as we have already decided in *Puig v. Soto,* 18 P.R.R. 130; *Rourke v. Pacheco,* 18 P.R.R. 943; *Finlay v. R. Fabián & Co.,* 24 P.R.R. 140, and *Pérez v. District Court,* 57 P.R.R. 749. In our opinion the petitioner is correct. Let us study in detail Act No. 9 of 1941 itself and also other Acts approved during that same legislative session.

In the first place, the title of Act No. 9 approved November 17, 1941 (Spec. Sess. Laws, p. 26), reads as follows:

"An Act in relation to *defenses* in actions based upon unjust, unreasonable and oppressive agreements for rent of premises occupied for dwelling purposes and of lots where the house of another, use for residential purposes, is located, in the urban and rural districts of any municipality or of the government of the capital of Puerto Rico, and for other purposes."

Likewise, §§ 1 and 6 of said Act[1] clearly set forth the legislative intent to the effect that in an action of unlawful detainer for nonpayment of rent as well as in an action for

---

[1] "Section 1.—It shall be a defense to an action of unlawful detainer for nonpayment, or to an action for rent under an agreement for premises in the urban and rural districts of any municipality or of the Capital of Puerto Rico, occupied for dwelling purposes, that such rent is unjust and unreasonable and that the agreement under which the same is sought to be recovered is oppres-

the recovery of rent "it shall be a defense . . . that such rent is unjust and unreasonable and that the agreement under which the same is sought to be recovered is oppressive." The whole purpose of this Act was to give the defendant in an action of unlawful detainer for nonpayment or in an action for rent an opportunity to allege and show that the rent is unfair and unreasonable and that the contract is oppressive. Once this is shown the court should render judgment granting the defendant a term of 30 days to pay the entire debt according to the amount he was paying previously.

Section 5, *supra,* however, deals only with actions for rents and for the rental value of the use or occupation of the premises—if the plaintiff recovers judgment by default— where the defendant is granted a like term of thirty days to pay his debt. This Section has no provision which may render it applicable to a default judgment in unlawful detainer for nonpayment to such a point as to imply by its construction that an amendment had been introduced to § 635 of the Code of Civil Procedure (§ 16 of the Unlawful Detainer Act), which was amended by Act No. 170 of May 9, 1942,[2] grant-

---

sive; *Provided,* That when the rentals, figured on the basis of one year, do not exceed two hundred (200) dollars, the defendant shall be exempt from the payment of all fees until final disposal is made of the action.

"Section 6.—If in any action for rent or rental value, the issue of fairness and reasonableness of the amount demanded in the complaint be raised by the defendant, he must at the time of answering, deposit in the office of the secretary such sum as equals the amount which he had been paying up to the time at which the rental considered as unjust, unreasonable and oppressive, was demanded from him. If the defendant fails to make such deposit, the court shall strike out the denial or defense raising such issue. Such deposit shall be applied to the satisfaction of the judgment rendered or otherwise disposed of as justice requires. Where a judgment is rendered for the plaintiff, it shall contain a provision that if the same be not fully satisfied from the deposit or otherwise within thirty days after the entry, and service on the defendant of a copy thereof, the plaintiff shall be entitled to the premises described in the complaint and a direction that a warrant shall issue commanding the marshal to remove all persons therefrom.

[2] "Sec. 635.—A judgment declaring that the action of unlawful detainer may be maintained shall order the ejectment of the defendant within the following periods, computed from the time the judgment becomes final: Fifteen days, where a family residence or dwelling house is involved. Twenty days in all other cases."

ing 40 days for the ejectment of the defendant instead of the 15 days which the Act originally provided when a family residence or dwelling house was involved.

The conclusion which we have reached finds further support in the fact that the Legislature of Puerto Rico, at the same special session where it enacted the Act under discussion, also passed, on the same day, Act No. 10 "To amend Section 628 of the Code of Civil Procedure (1933 ed.) in relation to summary proceedings in actions of unlawful detainer on account of defaulted rent and to recover the possession of real property in the urban or rural district of any municipality or of the Government of the Capital of Puerto Rico, and for other purposes," (Spec. Sess. Laws, 1941, p. 32) and Act No. 14 of November 21, 1941, to amend § 621 of the Code of Civil Procedure in relation to the same unlawful detainer proceedings. In both those Acts §§ 9 and 2 of the Unlawful Detainer Act are expressly amended. It is significant that the Legislature which studied all these emergencies measures in connection with excessive rents and oppressive lease contracts, and which expressly amended the Unlawful Detainer Act by virtue of Acts Nos. 10 and 14, did not expressly amend the Unlawful Detainer Act when it approved § 5 of Act No. 9 by providing different terms for the eviction of the defendant.

The action brought by the petitioner herein was one of unlawful detainer for nonpayment and not one for the recovery of lease rentals. These actions are distinct, as we have already held in the cases previously cited. Section 5 of Act No. 9 of 1941 is not applicable to the action in the present case and therefore the order rendered by the lower court should be set aside and civil case No. R-2524, *José Eugenio Géigel* v. *Municipal Court of San Juan,* remanded for further proceedings not inconsistent with this opinion.